UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BILLY EMMET BRANDOW,

    Petitioner,

v.                                        Case No. 2:10-cv-104
                                                   HON. R. ALLAN EDGAR

GREG MCQUIGGIN,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Billy Emmet Brandow filed this petition for writ of habeas corpus challenging his first degree criminal sexual conduct conviction and his second degree criminal sexual conduct conviction. Petitioner was convicted of having had improper sexual contact with his cousin's eight-year-old daughter and a ten-year-old girl who was sleeping over at his cousin's house. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

        The petition asserts the following claims:

        I.     Trial court failed to declare a mistrial after witness stated she did not want defendant to return to prison.

        II.    Prosecution committed misconduct by unfairly bolstering plaintiff's credibility while questioning another witness.

        III.   Ineffective assistance of substitute counsel at pretrial hearing because substitute counsel failed to inform defendant of case against him or full extent of time that he could receive.

        IV.   Ineffective assistance of appointed counsel in handling preparation for trial and at sentencing.

V. District court failed to have timely complaint and warrant filed in proper manner with county clerk's office causing a jurisdictional defect.

VI. Denied counsel of record and the right to choose representation.

VII. Amended information adding new charge violated due process.

VIII. Abuse of discretion and violation of due process by not providing a hearing on the fourth degree habitual charge since three charges were based upon nolo contendere pleas.

IX. Abuse of discretion and due process violation for using unproven information in scoring offense variables which enhanced minimum guidelines.

X. Abuse of discretion in sentencing given defendant's age it was cruel and unusual and disproportionate to the crime which amounted effectively to a life sentence.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is

contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court.

*See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that it was an abuse of discretion for the trial court to not order a mistrial after witness Tammy Englund, Petitioner's cousin and mother of one of the victims, stated that she did not want to see Petitioner go back to prison. Counsel objected once the statement was made and a discussion was held outside the presence of the jury. The court gave the jury a limiting instruction. The Michigan Court of Appeals rejected Petitioner's argument explaining:

> References to a defendant's prior incarceration are generally inadmissible. *People v Hatt*, 384 Mich 302, 307; 181 NW2d 912 (1970); *People v Fleish*, 321 Mich 443, 461; 32 NW2d 700 (1948). "It is well settled that evidence of a prior conviction may be prejudicial to the accused, the danger being that the jury 'will misuse prior conviction evidence by focusing on the defendant's general bad character . . . .'" *People v Griffin*, 235 Mich App 27, 36; 597 NW2d 176(1999), quoting *People v Allen*, 429 Mich 558, 569; 420 NW2d 499 (1988). "However, not every instance of mention before a jury of some inappropriate subject matter warrants a mistrial." *Griffin, supra*. "[A]n unresponsive, volunteered answer to a proper question is not grounds for the granting of a mistrial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995).
>
> At trial, defendant's cousin testified that defendant and his girlfriend consumed alcohol at her house on the night that the criminal sexual conduct occurred. She testified that they "had wanted to go to the bar but [she] didn't want them to leave because they had already been drinking and [she] didn't want him to go back to prison." Defendant moved for a mistrial, arguing that, even if the reference to his prior incarceration was inadvertent, it impermissibly suggested that his character was reprehensible and, thus, it "contaminated the jury." The trial court denied defendant's motion and instructed the jury as follows:

> Ladies and gentlemen, witnesses sometimes say things which are not admissible as evidence. Any prior record is not admissible in these proceedings because it is not relevant to the proceedings. For this reason I'm striking the last answer and ordering you not to consider it as evidence. Can you all promise me that you'll do that? All right. Very well.

The improper comment by the witness was not grounds for a mistrial. Defendant conceded at trial that the mention of defendant's prior incarceration was inadvertent and was not elicited by the prosecutor's questioning. Nothing in the record indicates that the prosecutor "clearly anticipated or hoped for" the answer, or that the answer was "calculated to prejudice the minds of the jurors against the defendant." Cf. *People v Greenway*, 365 Mich 547, 551; 114 NW2d188 (1962). The record reflects that the reference to defendant's prior incarceration was volunteered by the witness in response to a proper question. Moreover, the witness did not know, and was not in a position to know, that her testimony was improper. *Haywood, supra* at 228.

Furthermore, defendant failed to establish that he was prejudiced by the witness's improper comment. After the trial court instructed the jury to disregard the witness's reference to defendant's prior incarceration, the prosecutor did not pursue the matter further. Moreover, the trial court directed the jury, in its final instructions, not to consider any excluded evidence or stricken testimony, and to decide the case based only on the properly admitted evidence. "Jurors are presumed to follow their instructions and instructions are presumed to cure most errors." *Bauder, supra* at 195 (citations omitted).

> "[W]e normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." [*People v Dennis*, 464 Mich 567, 581; 628 NW2d502 (2001), quoting *Greer v Miller*, 483 US 756; 107 S Ct3102; 97 L. Ed. 2d 618 (1987).]

In this case, defendant failed to establish that there was an overwhelming probability that the jury would be unable to follow the

> trial court's instructions, or that there was a strong likelihood that the evidence would have a devastating effect on defendant. And, on the record before us, we do not find that defendant was prejudiced by the brief, incidental comment such that a mistrial was warranted. Thus, the trial court did not abuse its discretion in denying defendant's motion for a mistrial.

Michigan Court of Appeals's Opinion, docket #17, at 2-3. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner has asserted several different claims of ineffective assistance of counsel. Petitioner claims that he was denied effective assistance during the pretrial phase when counsel failed to inform him about the sentencing guidelines and whether additional charges could be filed against Petitioner. Petitioner claims he was not fully informed of the consequences of rejecting the plea offer and proceeding to trial. Petitioner claims counsel failed to investigate and interview witnesses, failed to discuss the defense strategy with Petitioner, failed to have testimony of the father and grandmother of one victim suppressed, failed to have witnesses for Petitioner's defense, failed to produce medical testimony for Petitioner's defense, failed to counter the testimony about Petitioner's "supposed confession," failed to object to the false testimony of the police detective, failed to request an instruction on the defense theory of witness credibility, and failed to make an opening statement.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's

performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The Michigan Court of Appeals rejected these claims and concluded that Petitioner received effective assistance of counsel and could not support his claims:

> Defendant first argues that defense counsel was ineffective for failing to advise him of the implications of rejecting his plea offer and proceeding to trial. However, defense counsel assured the trial court that he had so advised defendant, and that defendant still wanted to proceed to trial. Nothing in the record suggests that trial counsel failed to properly explain to defendant the possible consequences of either accepting the offer or going to trial. Because the record does not support defendant's allegation, defendant failed to establish that defense counsel was ineffective. See *People v McCrady*, 213 Mich App 474, 479-480;540 NW2d 718 (1995).
>
> Defendant next argues that trial counsel was ineffective for failing to present an opening statement at trial. The decision to waive an opening statement is a matter of trial strategy, *People v Calhoun*, 178 Mich App 517, 524; 444 NW2d 232 (1989), and "can rarely, if ever, be the basis for a successful claim of ineffective assistance of counsel," *People v Pawelczak*, 125 Mich App 231, 242;336 NW2d

453 (1983). Defendant failed to overcome the presumption that counsel's decision not to present an opening statement constituted sound trial strategy. *Rockey, supra*.

Defendant next contends that defense counsel was ineffective because he was unprepared for trial and because he failed to investigate or interview any witnesses. A defendant has the burden of establishing the factual predicate for her claim of ineffective assistance of counsel. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defendant has failed to present any facts to support this claim of ineffective assistance of counsel. Moreover, he has failed to establish any prejudice resulting from the alleged lack of preparation. "When making a claim of defense counsel's unpreparedness, a defendant is required to show prejudice resulting from this alleged lack of preparation." *People v Caballero*, 184 Mich App 636, 640; 459 NW2d 80 (1990).

Defendant additionally claims that trial counsel was ineffective for failing to call defendant's cousin, Alan Brandow, to testify at trial. Alan was present when defendant was confronted by the victims' parents regarding the allegations of sexual abuse. The record reflects that defense counsel did not subpoena Alan before trial because he was named on the prosecutor's witness list. At trial, the prosecutor indicated that a detective attempted to interview Alan but that Alan was mentally challenged and "he didn't offer really anything." The trial court ordered that Alan be produced before the end of the trial so defense counsel could make an independent judgment whether to call Alan as a witness at trial. The record is silent regarding any conversation that may have occurred between defense counsel and Alan; however, nothing indicates that defense counsel was deprived of the opportunity to speak with Alan. The simple fact that defense counsel did not call Alan to testify at trial is insufficient to establish that defense counsel was ineffective. It is well established that "[d]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Moreover, other than the defendant's statements in his brief on appeal, nothing before this Court suggests that Alan's testimony would have benefitted defendant had he been called to testify at trial. There is no error apparent on the record with respect to defense counsel's decision not to call Alan as a witness at trial. See *People v Pratt*, 254 Mich App 425, 426-427, 430; 656 NW2d 866 (2002).

Defendant also argues that trial counsel was ineffective for failing to call an expert witness to testify that the eight-year-old victim experienced redness and irritation in her vaginal area because of a bed-wetting problem. However, the decision not to present expert testimony at trial "is presumed to be a permissible exercise of trial strategy." *People v Cooper*, 236 Mich App 643, 658; 601 NW2d 409 (1999). This Court will not substitute its judgment for that of counsel regarding matters of trial strategy. *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004). On the record before us, there is no evidence to support that the decision not to call an expert was anything but sound trial strategy. We note that, on appeal, defendant offers no proof that an expert witness would have testified favorably if called by the defense. Accordingly, defendant has not established the factual predicate for his claim, *Hoag, supra*. Moreover, he has failed to establish a reasonable probability that, but for counsel's alleged error, the result of the proceedings would have been different. *Ackerman, supra* at 455-456.

Defendant next argues that defense counsel was ineffective for failing to object to testimony concerning statements that defendant made when he was confronted with the victims' allegations of sexual abuse. Defendant has failed to cite any authority to support his conclusion that the challenged testimony was inadmissible, and thus, necessarily subject to a valid objection. "This Court will not search for authority to support a party's position." *People v Smielewski*, 214 Mich App 55, 64 n 10; 542 NW2d 293 (1995). Further, defendant carries the burden to affirmatively demonstrate that counsel's performance was objectively unreasonable. *Knapp, supra*. It is well established that defense counsel is not ineffective for failing to make a futile objection. *McGhee, supra* at 627. Defendant has not established that any proposed objection to the challenged testimony would have been valid. Thus, he has not met his burden of demonstrating that counsel's performance fell below an objective standard of reasonableness.

Defendant next argues that defense counsel was ineffective for failing to move to suppress the statements that he made to police detectives concerning the allegations of sexual abuse. He also argues that defense counsel was ineffective for failing to object to the detectives' testimony at trial concerning the statements that defendant made during the interrogation. Statements of an accused made during a custodial interrogation are admissible if the prosecution can show, by a preponderance of the evidence, that the statements were made voluntarily, knowingly, and intelligently. *People v Tierney*, 266 Mich App 687, 707; 703 NW2d 204 (2005), citing *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Several factors

are to be considered when evaluating a statement for voluntariness. See *People v Cipriano*, 431 Mich 315, 334; 429 NW2d 781 (1988); *People v Akins*, 259 Mich App 545, 564; 675 NW2d 863 (2003). Nothing in the record supports a finding that defendant's statements to police in this case were involuntary or otherwise subject to suppression. The record revealed that defendant was provided with his Miranda rights, and nothing supports that he did not fully understand those rights and freely choose to waive them. On the record before us, the statements were therefore properly admitted at trial. Because a motion to suppress would have been futile, defense counsel was not ineffective for failing to pursue such a motion. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). "Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion." *People v Riley (After Remand)*, 468 Mich 135, 142; 659 NW2d 611 (2003).

Defendant next argues that defense counsel was ineffective for failing to request a jury instruction "which pertained to the reasonable doubt of the [victims'] credibility [sic], as to their allegations [sic]." However, the trial court instructed the jury both with regard to reasonable doubt and with regard to the credibility of witnesses. Moreover, throughout defense counsel's closing argument, he questioned the credibility of the prosecution witnesses, and argued that there was reasonable doubt regarding defendant's guilt. Defendant cannot overcome the presumption that defense counsel's decision not to request an additional instruction was sound trial strategy. See *People v Rice (On Remand)*, 235 Mich App 429, 444-445; 597 NW2d 843 (1999) (Defendant did not overcome the presumption that the failure to request a certain instruction was not trial strategy and thus, defendant was not denied the effective assistance of counsel). Further, defendant failed to show the existence of a reasonable probability that, had counsel requested the instruction, the result of the proceeding would have been different. *Knapp, supra*.

Finally, defendant argues that defense counsel was ineffective for failing to object to defendant's appearance at trial in jail clothing. A defendant has a due process right to be dressed in civilian clothing at trial. *People v Harris*, 201 Mich App 147, 151-152; 505 NW2d 889 (1993). Where a defendant makes a timely request to wear civilian clothing, the trial court must grant the request. *Id*. at 151. Before the jury was impaneled in this case, defendant advised the court that he was expecting his uncle to bring a shirt for him to wear during the trial and that the clothing was "on the way." The record indicates that defendant's property at the jail consisted of one pair of shorts and that no other clothing was available to defendant when the trial began.

> The trial court noted that efforts were made "to get him dressed out today" and that the sheriff did not decline to allow defendant to wear civilian clothes. Defense counsel's reason not to pursue defendant's right to be tried in civilian clothing is unclear from the record. Even if counsel should have pursued this issue, defendant has failed to show a reasonable probability that the result of trial would have been different if defense counsel pursued this issue and secured civilian clothes. *Knapp, supra*. Accordingly, defendant's ineffective assistance of counsel claim must fail. *Id*.

Michigan Court of Appeals' Opinion, docket #17, at 4-7. In the opinion of the undersigned, Petitioner has failed to show ineffective assistance of counsel. Petitioner has not established any constitutional error on behalf of counsel or established that the alleged errors were not simply a matter of trial strategy. Moreover, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Respondent asserts that the remaining claims are procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551

(6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner argues that the prosecutor committed misconduct when he asked a witness whether she believed the victim. The Michigan Court of Appeals rejected this claim, noting that the error was unpreserved and did not prejudice Petitioner:

> Defendant did not raise the issue of prosecutorial misconduct below. Thus, this issue is unpreserved. We review unpreserved issues of prosecutorial misconduct for plain error affecting the defendant's substantial rights. *People v McGhee*, 268 Mich App 600, 630; 709 NW2d 595 (2005). "Reversal is warranted only when the error resulted in the conviction of an actually innocent defendant or when the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Leshaj*, 249 Mich App 417, 419; 641 NW2d 872 (2002). "Thus, where a curative instruction could have alleviated any prejudicial effect we will not find error requiring reversal." *People v Ackerman*, 257 Mich App 434, 449; 669 NW2d 818 (2003).
>
> At trial, defendant's girlfriend testified that, initially, she was unsure whether her daughter's allegations against defendant were true

> because she "didn't think he was like that." The prosecutor asked her, "At some point in time did you kind of think that perhaps what [your daughter] told you was true?" She responded, "Yes." Defense counsel objected on relevance grounds and the trial court sustained the objection. Defendant now argues that the prosecutor engaged in misconduct when he elicited the testimony because it is impermissible for a witness to testify concerning the credibility of another witness. This issue is as much an evidentiary issue as it is a prosecutorial misconduct issue; therefore, we focus our review on whether the prosecutor elicited the testimony in good faith. *People v Dobek*, 274 Mich App 58, 70-71; 732 NW2d 546 (2007). A prosecutor's good-faith effort to admit evidence does not constitute misconduct. *Id*. at 70.
>
> We agree that, arguably, the prosecutor's question was improper. "It is generally improper for a witness to comment or provide an opinion on the credibility of another witness because credibility matters are to be determined by the jury." *Id*. at 71. See also *People v Buckey*, 424 Mich 1, 17; 378 NW2d 432 (1985). However, we do not agree that the error resulted in unfair prejudice to defendant. In light of the other evidence introduced at trial, particularly defendant's own statements, neither the question posed by the prosecutor, nor the witness's response to the question, were "of a character likely to have prejudiced defendant's rights, or to have influenced the jury improperly." *People v Morehouse*, 328 Mich 689, 693; 44 NW2d 830 (1950). Furthermore, the trial court instructed the jurors that they were to decide which witnesses to believe, and that they were free to believe all, none or part of any person's testimony. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). And, we find that the trial court's instruction was sufficient to eliminate any prejudice that might have resulted from the prosecutor's question. Reversal based on prosecutorial misconduct is not warranted. *Ackerman, supra* at 449.

Michigan Court of Appeals' Opinion, docket #17, at 3-4. Petitioner failed to preserve this claim by bringing it to the attention of the trial court. Moreover, the claim lacks merit. Petitioner has not shown that the question and answer unfairly prejudiced him. In the opinion of the undersigned, the Michigan Court of Appeals' denial of this claim was reasonable.

The remaining claims were first presented in Petitioner's motion for relief from judgment. The trial court denied the motion under MCR 6.508(D)(3). The Michigan appellate courts denied leave to appeal affirming the trial court under MCR 6.508(D). Under MCR 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For a claim that could have been raised in a previous appeal, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MCR 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). Because MCR 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place some time thereafter, MCR 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

In *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010), the Sixth Circuit, in an *en banc* decision, held that brief form orders by the Michigan appellate courts invoking MCR 6.508(D) are unexplained orders within the meaning of *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). Such form orders are presumed to uphold or reject the last reasoned decision below. *Guilmette* (citing *Ylst*, 501 U.S. at 803). As a result, absent an explained decision from some Michigan court applying Rule 6.508(D), the federal court may not invoke procedural default to dispose of a habeas claim that has been rejected by the Michigan courts on the grounds of MCR 6.508(D).

The *Guilmette* case overturns earlier circuit precedent holding that, in cases where the Michigan Supreme Court denies leave to appeal on the basis that a petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)," it is sufficiently clear that the supreme court intended to invoke a procedural bar. *See Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004); *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004). In *Abela v. Martin*, 380 F.3d 915, 923 (6th Cir. 2004) the Sixth Circuit had held that where the trial court and the Michigan Court of Appeals have issued a merits determination, an order by the Michigan Supreme Court stating that a petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)," does not constitute a clear and express invocation of the procedural bar. *See Abela*, 380 F.3d at 923. Under *Guilmette*, it is apparent that an appellate form order is merely an affirmance of what was done below, not a presumed procedural default.

> In dismissing these claims, the trial court relied on MCR 6.508(D)(3):
>
> Because defendant had an appeal in which these issues could have been raised, he must show good cause for failing to raise them and actual prejudice resulting from the alleged errors. MCR 6.508(D)(3).
>
> Defendant has not established actual prejudice. The court rule provides four definitions of actual prejudice. MCR 6.508(D)(3)(b)(i) to (iv). Defendant attempts to establish prejudice through ineffective assistance of appellate counsel. While ineffective assistance of counsel does have an actual prejudice prong, this is different from the actual prejudice requirement for a motion for relief from judgment. Because defendant has not established actual prejudice as defined by the court rule, this court may not grant relief.
>
> Defendant also has not established good cause for failing to raise these issues on appeal. Defendant argues that appellate counsel was ineffective because he failed to raise the issues that defendant wants to raise now. The court has read the opinion of the Court of Appeals, and it is apparent that counsel raised several meritorious issues. Therefore, to establish ineffective assistance of counsel, defendant must show that the omitted issues were "dead-bang winners." *Page*

> *v United States*, 884 F2d 300, 302 (7th Cir. 1989). After reviewing
> defendant's brief, this court concludes that the issues defendant seeks
> to raise were not "dead-bang winners."

Opinion, Docket #19, at 2-3. Petitioner has procedurally defaulted these issues and cannot show cause or prejudice to overcome his procedural default.

Petitioner raised several issues that are solely matters of the application of state law. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Petitioner raised claims regarding the timing and manner of the filing of the complaint and warrant, and amendments to the information. Those are matters of state law and not actionable in a habeas action. Similarly, Petitioner raised claims regarding sentencing and his fourth degree habitual charge. Petitioner has failed to show that these claims implicate constitutional issues. Petitioner claims he was refused his choice of counsel. However, Petitioner has not shown that he failed to receive effective assistance of counsel. Moreover, Petitioner failed to show that his appellate counsel erred by not asserting these claims on Petitioner's direct appeal.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: May 30, 2013